**Cindy Lou MOORE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 16, 1982.

Decided: Feb. 1, 1983.

2. Del.Supr., 372 A.2d 185, 188 (1977).

Upon Certification of Questions of Law from the Superior Court in and for Sussex County.

Robert C. Wolhar, Jr. (argued), of Wolhar & Moore and John H. Cordrey of Ridgely & Ridgely, Georgetown, for defendant below, appellant.

Gary A. Myers, Deputy Atty. Gen. (argued), Georgetown, for plaintiff below, appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

McNEILLY, Justice:

I

On August 15, 1981, Hunter Betts, during an armed robbery at his home, was killed by a shotgun blast to his chest. On September 21, 1981 defendant was indicted for Murder in the First Degree under the felony murder law as set forth in 11 *Del.C.* 636(a)(6).[1] Defendant did not fire the shots at Betts, her involvement being limited to participation in the felony of robbery during which Betts was killed. Defendant entered pleas of not guilty to the charges against her.

At a pretrial conference held in chambers on March 31, 1981, defendant moved the Superior Court for an order that she be "allowed to be examined by two psychiatrists ... in order to determine her mental state." Claiming that "she may very well rely on the defense of extreme emotional distress", 11 *Del.C.* § 641, defendant requested that the State bear the costs of the psychiatric examination. The Superior Court denied the motion holding that the defense of extreme emotional distress applies only to violations of 11 *Del.C.* § 636 which require a mens rea of an intentional act.

On April 15, 1982, defendant filed a Motion for Reargument or Alternatively, Motion to Certify Questions to the Delaware Supreme Court. On April 15, 1982 the Superior Court pursuant to Supreme Court Rule 41 certified four Questions of Law to this Court. On May 6, 1982 we accepted certification. The four certified questions for our consideration are:

1. Is the mitigating circumstance of extreme emotional distress as set forth in 11 *Del.C.* Sec. 641 available to a defendant *charged* with murder in the first degree in violation of 11 *Del.C.* Sec. 636(a)(6)?

2. If the Answer to Question 1 is no, is the mitigating circumstance of extreme emotional distress as set forth in *11 Del.C.* Sec. 641 available to a defendant charged with murder in the first degree in violation of 11 Del.C. Sec. 636(a)(6) where the State established the element of criminal negligence pursuant to 11 *Del.C.* Sec. 253 by establishing that the Defendant acted intentionally?

3. If the Answer to either Question 1 or 2 is yes, is the mitigating circumstance of extreme emotional distress as set forth in 11 *Del.C.* Sec. 641 available to a participant [in an underlying felony referred to 11 *Del.C.* Sec. 636(a)(6)] who did not fire the shot that caused the death of the non-participant victim?

4. If the Answer to Question 3 is no, is 11 *Del.C.,* Sec. 641 violative of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7 of the Delaware Constitution of 1897, as amended because it denied due process of law to a co-defendant charged with first degree murder in violation of 11 *Del.C.,* Sec. 636(a)(6), where the co-defendant does not actually fire the shot that caused the death of the non-participant victim?

---

1. Defendant was also indicted for Burglary in the First Degree, in violation of 11 *Del.C.* § 826; Burglary in the Second Degree in violation of 11 *Del.C.* § 825; Conspiracy in the Second Degree; Possession of a Deadly Weapon During the Commission of a Felony, and Misdemeanor Theft.

## II

11 *Del.C.* § 636(a), the Delaware statute which defines murder in the first degree, provides:

> (a) A person is guilty of Murder in the First Degree when:
>
> (1) He intentionally causes the death of another person;
>
> (2) In the course of and in furtherance of the commission or attempted commission of a felony or immediate flight therefrom, he recklessly causes the death of another person;
>
> (3) He intentionally causes another person to commit suicide by force or duress;
>
> (4) He recklessly causes the death of a law-enforcement officer, corrections employee or fireman while such officer is in the lawful performance of his duties;
>
> (5) He causes the death of another person by the use of or detonation of any bomb or similar destructive device;
>
> (6) He, with criminal negligence, causes the death of another person in the course of and in furtherance of the commission or attempted commission of rape, kidnapping, arson in the first degree, robbery in the first degree, or immediate flight therefrom;
>
> (7) He causes the death of another person in order to avoid or prevent the lawful arrest of any person, or in the course of and in furtherance of the commission or attempted commission of escape in the second degree or escape after conviction.

11 *Del.C.* § 641 deals with the mitigating circumstance of extreme emotional distress. It reads:

> The fact that the accused intentionally caused the death of another person under the influence of extreme emotional distress is a mitigating circumstance, reducing the crime of murder in the first degree as defined by § 636 of this title to the crime of manslaughter as defined by § 632 of this title. The fact that the accused acted under the influence of extreme emotional distress must be proved by him by a preponderance of the evidence. The accused must further prove by a preponderance of the evidence that there is a reasonable explanation or excuse for the existence of the extreme emotional distress. The reasonableness of the explanation or excuse shall be determined from the viewpoint of a reasonable person in the accused's situation under the circumstances as he believed them to be.

In support of her argument that extreme emotional distress is available in felony murder situations defendant advances a number of arguments all of which are concentrated on the first line of § 641. We are satisfied that the answer to the certified questions lies not in the first sentence of § 641, but in the last sentence. Specifically, we find that the requirement of a reasonable explanation under § 641 precludes the availability of extreme emotional distress in the felony murder context.

The term "extreme emotional distress", established as a mitigating circumstance by § 641, is a substitute for our own prior common law defense of "provocation". *See Fuentes v. State,* Del.Supr., 349 A.2d 1, 5 (1975); Delaware Criminal Code, Commentary §§ 632, 641 at 184–85, 195–98. While extreme emotional distress was meant to sweep away the rigid rules that limited provocation to certain defined circumstances, it was not designed to allow mitigation based on the defendant's emotional distress "regardless of the nature of the cause." Del. Commentary § 641 at 197, quoting Model Penal Code, Tentative Draft No. 9 at 48 (1958). Rather, extreme emotional distress is available only when there is a reasonable explanation for the existence of the extreme emotional distress determined from the viewpoint of a reasonable person in the accused situation under the circumstances. 11 *Del.C.* § 641. As this Court said in *Boyd v. State,* Del.Supr., 389 A.2d 1282, 1288 (1978):

> "There must be a reasonable explanation for the existence of the extreme emotion-

al disturbance or distress. It is not the person who must be reasonable at the time because a reasonable man would not intentionally kill another person; it is the frenzy of mind based upon a reasonable explanation which is basic to the jury's determination."

Implicit within the concept of a reasonable explanation is the idea that the event which triggers the emotional disturbance must be something external from the accused and cannot have been brought about by the accused's own mental disturbance.[1] Under this formulation, if the accused has intentionally, knowingly, recklessly or negligently brought about his own mental disturbance extreme emotional distress is simply not applicable. Since an accused has brought about his own mental disturbance in the felony murder context, by involving himself in a crime, extreme emotional distress is not applicable to persons charged with murder under 11 *Del.C.* § 636(a)(2) or (6). The argument that the reasonable explanation can flow from an event which triggered the occurrence of the underlying felony is without merit. (See § 641 extreme emotional distress applies only to Murder in the First Degree.)

Accordingly, certified questions one and two are answered no, and as such certified questions three and four are moot.

---

1. American Law Institute Model Penal Code and Commentaries, Part II § 210.3 at 63–65 (aff. Draft and Revised Comments 1980). The Model Code was the basis for the concept of *reasonable explanation* in § 641. *See Del. Commentary* § 641 at 196–98. In discussing the National Commission on Reform of Federal Criminal Laws version of extreme emotional distress which explicitly states that the defendant cannot have been culpably responsible for the provocation in order for it to be excused, the commentators to the Model Code state that this notion is implicit in their version of extreme emotional distress.